### Petition of OPPENHEIM.

#### In re DIMOND et al.

#### (Circuit Court of Appeals, First Circuit. April 10, 1924.)

#### No. 1651.

1. **Bankruptcy ⬥446—Province of Circuit Court of Appeals, on petition to revise order of District Court affirming order of referee, stated.**

   The Circuit Court of Appeals, on petition to revise an order or decree of the District Court affirming an order of the referee in bankruptcy, will not weigh the evidence, but will merely determine whether there was any evidence or facts supporting the conclusion of the District Court.

2. **Bankruptcy ⬥231—Evidence held to sustain finding that creditor was afforded due opportunity to inquire into affairs of bankrupts and examine them under oath at creditors' hearing.**

   On petition to revise an order of the District Court, affirming an order of the referee in bankruptcy, dissolving the meeting of creditors, evidence *held* to sustain finding that the petitioner and his counsel were afforded due opportunity to inquire into the affairs of the bankrupt and examine them under oath at such hearing.

Petition to Revise in Matter of Law the Proceedings of the District Court of the United States for the District of Massachusetts.

In the matter of Hugh J. Dimond and others, bankrupts. Petition by Harry Oppenheim to revise an order or decree affirming an order of the referee, dissolving a meeting of creditors. Affirmed.

Mark M. Horblit, of Boston, Mass. (Jacob Wasserman and Horblit & Wasserman, all of Boston, Mass., on the brief), for petitioner.

Michael H. Shanley, of Boston, Mass., for respondents.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is a petition to revise in matter of law an order or decree of the United States District Court for Massachusetts of May 3, 1923, affirming an order of the referee in bankruptcy dissolving the meeting of creditors in a bankruptcy proceeding against the stock brokerage firm of Hugh J. Dimond & Co.

It appears that the petitioner is a creditor of the firm of Dimond & Co., who were adjudicated bankrupts on an involuntary petition August 23, 1921; that on September 15, 1921, a trustee of the bankrupts' estate

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

was appointed and qualified; that after his appointment counsel for the petitioner notified the trustee of his desire to be present at the examination of the bankrupts and examine them; that the trustee assured counsel that such an opportunity would be afforded him; that examinations of the bankrupts took place from time.to time, and in the fall of 1922 an examination of a formal nature was had, which was taken stenographically and transcribed; that counsel for the petitioner had no notice as to these examinations, due to the oversight or inadvertence of counsel for the trustee; that thereafter, on September 14, 1922, the bankrupts applied for a discharge, and notice of the application, returnable October 16, was duly served on the petitioner; that on October 14, 1922, the petitioner filed an application, requesting that the time for filing specifications of objections to the bankrupts' discharge be extended six months, on the ground that they had had no notice of any examinations of the bankrupts, and that the examinations had not been completed; that in December, 1922, counsel for the petitioner requested the referee to enter an order allowing him to examine the bankrupt, Hugh J. Dimond, but that no order was made, as the bankrupt voluntarily agreed to submit to examination; that at the time and place agreed upon an examination was begun, at which time the typewritten transcript of the trustee's examination was produced and offered to petitioner's counsel; that, counsel for the respective parties at this examination, being in dispute as to the propriety of certain questions put by petitioner's counsel, the matters were certified to the referee, who thereupon called a special meeting of the creditors of the bankrupts for January 19, 1923; that due notice was given of this meeting, the notice expressly stating that the purpose of the meeting was for further examination of the bankrupts and other matters; that at this meeting both bankrupts were present, although the only one of whom further examination was desired was the bankrupt Hugh J. Dimond; that several days before the time fixed for this examination a transcript of the trustee's formal examination of this bankrupt was furnished petitioner's counsel, which the referee finds was a full and thorough examination; and that at the meeting of January 19 counsel for the petitioner was present, and, being requested to proceed with the examination of the bankrupt, declined to do so, or to ask any questions, on the ground that the books and records of the bankrupts were not then in court.

It further appears that counsel for the petitioner had made no request that the books and records be in court at the time; that every opportunity had been afforded petitioner's counsel to examine the books and records of the bankrupt; that he had been afforded an opportunity to examine the transcript of the trustee's examination, but had not done so; that he had no definite facts in mind which he desired to bring out, and would not even state what his first question to the bankrupt Dimond would be.

Counsel for the petitioner having declined to ask any questions, the referee entered an order dissolving the special creditors' meeting, which order the District Court affirmed, on the ground that:

"Full opportunity was accorded creditors and their counsel to inquire into the affairs of the bankrupt and to examine him under oath."

The question of law presented by the record is whether there was any evidence from which the District Court could reasonably conclude that the petitioner and his counsel were afforded due opportunity to inquire into the affairs of the bankrupts and examine them under oath.

[1, 2] It is not our province in this proceeding to weigh the evidence and say what conclusion should be reached. Our duty is of a more restricted character, and is limited to determining whether there was any evidence or facts upon which the conclusion of the District Court could reasonably be based. The mere fact that the books and records of the bankrupts' business were not in court at the time the petitioner was called upon to examine the bankrupt is not controlling. Especially is this true when it is considered that for a series of months the petitioner and his counsel had been given the privilege of examining the books and records of the bankrupt at their pleasure, and had not requested their production at the hearing; that they had been seasonably provided with a transcript of the trustee's examination; and that, when called upon to proceed with their examination, they had declined to do so. If it be assumed, as petitioner contends, that he was entitled as of right to an opportunity to examine the bankrupts, by virtue of section 7, par. 9, and section 21a of the Bankruptcy Act (Comp. St. §§ 9591, 9605), we think there was evidence from which the District Court was warranted in finding that he was accorded the opportunity and failed to avail himself of it.

The order or decree of the District Court is affirmed, with costs to the respondent.